**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL NO. 3:11CV296-MOC-DSC**

| | |
|---|---|
| **CELESTE PARKER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | |
| **GB TOOLS & SUPPLIES, LLC,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's "Motion for Judgment on the Pleadings" (document #5) and the parties' associated briefs and exhibits. See docket entries ## 6-9.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and the subject Motion is ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion be denied, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was employed by Actuant Corporation ("Actuant") as an order processor/manifest lead at a warehouse in Charlotte, North Carolina. On July 7, 2008, Plaintiff was shot by a co-worker, Leola Adams, while at work. Actuant filed a Form 63 dated July 21, 2008 and commenced payment for Plaintiff's medical expenses as well as weekly temporary total disability benefits.

The matter was mediated on January 13, 2010. Plaintiff was represented by attorney Margaret Shankle. The parties reached a settlement at mediation, and a Mediated Settlement Agreement was executed by Plaintiff, her attorney, Defendant's attorney and the mediator. Actuant agreed to pay Plaintiff a total sum of $100,000.00, all authorized medical expenses up to the date

of the Agreement, weekly temporary total disability compensation until approval of the Agreement by the Industrial Commission, and mediation fees. (hereinafter the "January 2010 Mediated WC Settlement Agreement")  Plaintiff agreed to sign a formal settlement agreement. Document #4, Exhibit A.

After the mediation concluded, Actuant tendered a formal Settlement Agreement, but Plaintiff refused to sign it. Plaintiff's counsel withdrew shortly thereafter. Actuant filed a Form 33 on March 30, 2010, requesting a hearing before the Industrial Commission to seek enforcement of the January 13, 2010 Mediated Settlement Agreement. In that proceeding, Plaintiff was represented by her present counsel. Plaintiff argued that the Agreement should not be enforced because she was never informed that Actuant was her employer.

The Commission heard the case on June 14, 2010. An opinion was issued on September 13, 2010 wherein the Commission found that the January 2010 Mediated WC Settlement Agreement was valid and ordered that it be enforced. Document #4, Exhibit B. In reaching this conclusion and responding to Plaintiff's alleged confusion over the identity of her employer, the Commission stated that:

> The front page of plaintiff's employment application dated 7 December 2007 visually indicates that Actuant is a parent company, with many companies operating under Actuant, including Del City. Moreover, the 12 March 2008 letter offering plaintiff employment explains 'I am pleased to confirm our offer of employment to you for the position of Warehouse Associate- Manifest for Actuant-Del City.' Furthermore, multiple employment applications signed by plaintiff on 17 March 2008 show Actuant to be plaintiff's employer. Throughout the course of the worker's compensation claim, Actuant and Del-City have been listed singularly, collectively and interchangeably to denote defendant-employer.

Document #4, Exhibit B.

At the January 13, 2010 mediation, Plaintiff had also signed a separate agreement wherein she agreed to sign a "general, full release" for any other claims (hereinafter the "January 2010

2

General Release"). Document #4, Exhibit C. This handwritten agreement was signed by Plaintiff, Actuant and the mediator. Thereafter, on January 31, 2011 Plaintiff emailed Karen Bauer of Actuant inquiring as to the status of the $500 check for the general release. Actuant sent a $500 check to Plaintiff on February 16, 2011 and she cashed it on or about February 28, 2011. Document #4, Exhibit G.

On May 16, 2011, Plaintiff filed this action in Mecklenburg County Superior Court, alleging that Leola Adams was not employed by Actuant, but by GB Tools & Supplies, L.L.C., a wholly owned subsidiary of Actuant Electrical which is a wholly owned subsidiary of Actuant Corporation. Document #1, Exhibit A and Document #3. Plaintiff states claims against Defendant for negligence, gross negligence, and reckless, willful or wanton conduct. She seeks compensatory and punitive damages.

On June 17, 2011, Defendant removed the state court action to the United States District Court for the Western District of North Carolina, alleging the existence of diversity subject matter jurisdiction.

On June 24, 2011, Defendant filed its Motion for Judgment on the Pleadings, arguing that Plaintiff is seeking to avoid the preclusive effects of the earlier settlements and obtain a double recovery. Defendant's Motion is predicated on the Court taking judicial notice that the Worker's Compensation file establishes that Leola Adams was employed by Actuant, not by Defendant.

Defendant's Motion has been fully briefed and is therefore ripe for disposition.

## II. <u>DISCUSSION</u>

Although a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is separate and distinct from a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the distinction is one

3

without a difference [because federal courts] apply[] the same standard for Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6)." Burbach Broadcasting Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002). Accord Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) ("viewing the Defendants' motion as a Rule 12(c) motion does not have a practical effect upon our review, because we review the district court's dismissal de novo and in doing so apply the standard for a Rule 12(b)(6) motion").

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009), quoting Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. 129 S. Ct. at 1951. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1951 (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true), citing Twombly,

550 U.S. at 554-55. Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1951. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id., quoting Fed. R. Civ. P. 8(a)(2). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id. at 1951-52.

This Court may consider the file, any factual findings, and the decision of the Industrial Commission in ruling on the present Motion for Judgment on the Pleadings. See e.g. Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009) (finding that court may consider matters of public record such as documents from prior state court proceedings in conjunction with a motion to dismiss without converting the motion into one for summary judgment).

As Defendant points out in its Reply, Plaintiff repeatedly described Ms. Adams as her "co-worker" in forms she submitted to the Industrial Commission. Document #8, Exhibit A. She also made several statements to her doctors, whose notes are incorporated into the Industrial Commission's file, that Ms. Adams was her "co-worker." Document #8, Exhibit B. In making its

5

decision enforcing the first Settlement Agreement, the Industrial Commission found that Plaintiff was employed by Actuant. Document #4, Exhibit B at 5.

Plaintiff's Sur-Reply contains a copy of Actuant's sworn responses to her Interrogatories in the Worker's Compensation proceeding. Document #9, Exhibit 1. In response to Interrogatory number. 13 which asks "Identify the employer of Leola Denise Adams," Actuant stated "GB Tools and Supplies was the employer of Leola Denise Adams." Id. at 6.

At this early point in the proceedings, and recognizing the conflicting statements contained in the Worker's Compensation file, the undersigned cannot conclude that the Settlement Agreements operated as a release of claims Plaintiff might bring against Ms. Adams' employer. Accordingly, the undersigned respectfully recommends that Defendant's Motion for Judgment on the Pleadings be denied.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion for Judgment on the Pleadings" (document #5) be **DENIED WITHOUT PREJUDICE** to Defendant's right to renew its Motion at the conclusion of discovery.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363,

1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel; and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: July 21, 2011

David S. Cayer
United States Magistrate Judge